**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0549n.06

No. 16-3188

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 26, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MOISES ACEVEDO-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, U.S. Attorney | ) | APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: SUTTON and STRANCH, Circuit Judges; STEEH, District Judge.[*]

PER CURIAM. Moises Acevedo-Perez petitions this court for review of an order of the

Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for

cancellation of removal.

Acevedo-Perez, a native and citizen of Mexico, entered the United States without

inspection in 2000. In 2010, after his arrest for traffic violations, the Department of Homeland

Security served Acevedo-Perez with a notice to appear in removal proceedings, charging him

with removability as an alien present in the United States without being admitted or paroled. *See*

8 U.S.C. § 1182(a)(6)(A)(i). Acevedo-Perez appeared before an immigration judge (IJ) and

conceded removability. Acevedo-Perez subsequently applied for cancellation of removal on the

basis that his removal would result in exceptional and extremely unusual hardship to his United

---

[*] The Honorable George C. Steeh, United States District Judge for the Eastern District of
Michigan, sitting by designation.

States citizen child, who has an ear condition that requires reconstructive surgery when she is older. *See* 8 U.S.C. § 1229b(b)(1). After a hearing, the IJ denied Acevedo-Perez's application for cancellation of removal, finding that hardship would exist but would not rise to the level of exceptional and extremely unusual hardship. On appeal, the BIA determined that the IJ properly considered the relevant hardship factors with respect to Acevedo-Perez's child and agreed that Acevedo-Perez failed to establish eligibility for cancellation of removal.

This timely petition for review followed. The respondent contends that we should dismiss Acevedo-Perez's petition for lack of jurisdiction. This court lacks jurisdiction to review the discretionary denial of an application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). We retain jurisdiction, however, to consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see Montanez-Gonzalez v. Holder*, 780 F.3d 720, 722 (6th Cir. 2015).

Acevedo-Perez argues that the BIA violated his due process rights in holding that he failed to show that his removal would result in exceptional and extremely unusual hardship to his child. "[T]he Fifth Amendment's Due Process Clause mandates that removal hearings be fundamentally fair and that a petitioner is entitled to a full and fair hearing." *Abdallahi v. Holder*, 690 F.3d 467, 472-73 (6th Cir. 2012). To succeed on his due process claim, Acevedo-Perez must demonstrate that there was a defect in the removal proceeding and that he was prejudiced by the defect. *Id*. at 472. Acevedo-Perez does not identify any defect in the removal proceeding. Although he frames his argument as a constitutional claim, Acevedo-Perez essentially challenges the agency's discretionary determination that he failed to demonstrate the requisite hardship, which we lack jurisdiction to review. *See Ettienne v. Holder*, 659 F.3d 513, 518-19 (6th Cir. 2011).

Acevedo-Perez also argues that the BIA committed gross error in failing to apply its own relevant precedents to the pertinent facts of his case. *See Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008) (stating that the BIA's "adherence to precedent is a non-discretionary act"). "[T]his court lacks jurisdiction over claims that can be evaluated only by engaging in head-to-head comparisons between the facts of the petitioner's case and those of precedential decisions." *Ettienne*, 659 F.3d at 518. By asserting that the BIA's precedents suggest that a petitioner whose United States citizen child has serious health problems would have a strong case for cancellation of removal, Acevedo-Perez asks us to do exactly the sort of factual comparison and reweighing in which we may not engage.

For the foregoing reasons, we **DISMISS** Acevedo-Perez's petition for review.